# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:25-CV-00108-KDB-DCK

| | |
|---|---|
| STEPHANIE MCINNES,<br><br>**Plaintiff,**<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>**Defendant.** | **MEMORANDUM AND<br>ORDER** |

**THIS MATTER** is before the Court on Plaintiff Stephanie McInnes' appeal of an unfavorable administrative decision denying her application for supplemental security income under the Social Security Act (Doc. No. 6); Defendant Commissioner of Social Security's ("Commissioner") Response (Doc. No. 7); the Administrative Record ("AR") (Doc. No. 5); the Memorandum and Recommendation ("M&R") of the Honorable Magistrate David C. Keesler (Doc. No. 9), which recommends that the Commissioner's decision be affirmed; and Plaintiff's Objection to the M&R (Doc. No. 10). Having reviewed and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds the Commissioner's decision to deny Ms. McInnes Social Security benefits is supported by substantial evidence and uses the correct legal standards. Accordingly, the Court will adopt the M&R and the Commissioner's decision will be **AFFIRMED**.

## I.      LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28

1

U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (internal quotation marks and citation omitted). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## III. DISCUSSION

The Court has conducted an independent review of the M&R and the applicable record. McInnes' sole objection is that the Magistrate Judge erred by finding that the ALJ's decision is unlikely to have been changed by specifically citing to the migraine log, which she contends shows her inability to work. Upon that review, the Court concludes that the recommendation to affirm

the Commissioner's finding that McInnes was not disabled under the Social Security Act during the relevant period is correct and in accordance with law.

The Fourth Circuit has emphasized that when "the medical sources arguably point in different directions," it is the ALJ's duty as the factfinder to resolve the conflicting medical evidence. *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (quoting *Richardson v. Perales*, 402 U.S. 389, 399 (1971)). When the ALJ fulfills that duty by applying the proper factors, the court should not "Monday-morning-quarterback the decision unless it is exceptionally clear that the ALJ made a mistake." *Id.* Courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for the ALJ's." *Id.* (quoting *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)) (additional citations and internal quotations omitted). Thus, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.* (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation modified).

At the same time, an ALJ has the "obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). However, "this Circuit has recognized that there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Jonathan W. v. Kijakazi*, No. 2:23-CV-00315, 2023 WL 5767748, at *9 (S.D.W. Va. Aug. 17, 2023), *report and recommendation adopted*, No. 2:23-CV-00315, 2023 WL 5751445 (S.D.W. Va. Sept. 6, 2023) (quoting *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)). And an ALJ's "failure to cite specific evidence does not indicate that it was not

3

considered." *Manigo v. Colvin*, No. 0:13-CV-3185-BHH, 2015 WL 74954, at *5 (D.S.C. Jan. 6, 2015) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

Indeed, "there is no particular language or format that an ALJ must use in [her] ... analysis as long as there is sufficient development of the record and explanation of the findings to permit meaningful review." *Jonathan W.*, 2023 WL 5767748, at *9 (quoting *Clark v. Comm'r of Soc. Sec.*, No. 2:09-CV-417, 2010 WL 2730622, at *17 (E.D. Va. June 3, 2010)) (citation omitted). Thus, an ALJ's opinion is "sufficient if it not only sets forth the facts used in rendering [her] decision, but it also provides a thorough examination of the medical evidence." *Id.* (internal quotations omitted). Finally, it is imperative that an ALJ's decision be "read as a whole in order to discern whether substantial evidence supports a finding." *Id.*

Here, the M&R correctly concluded that the ALJ did not err in by failing to explicitly state that she considered McInnes' migraine logs. Notably, McInnes does not meaningfully challenge the M&R's central determination—that the ALJ plainly considered the substance of the log (even if not cited verbatim) and supported her finding of nondisability with substantial evidence. Instead, McInnes narrowly focuses on the M&R's observation that the ALJ's decision was unlikely to have changed even had she expressly referenced the log, characterizing the statement as an impermissible reweighing of the evidence.

The Court disagrees. In explaining that an explicit citation to the log would not have altered the ALJ's decision, the Magistrate Judge was conducting a straightforward harmless error analysis. *See William C. v. Frank Bisignano, Comm'r, Soc. Sec. Admin.,* No. CV 25-1636-DRM, 2026 WL 1179483, at *5 (D. Md. Apr. 30, 2026) (explaining "[a]n error is harmless when it is inconceivable that a different administrative conclusion would have been reached absent the error.") (internal quotations and additional citations omitted); *Smith v. Colvin,* No. TMD 15-1694, 2016 WL

4

5147195, at *10 (D. Md. Sept. 20, 2016) (finding harmless error where the claimant did not show that the outcome would have been different even if the ALJ had properly considered the claimant's cognitive limitations in the RFC assessment.). Such an analysis is well within the Court's purview, and the Court finds no error in the M&R's approach.

Nevertheless, to the extent that McInnes also challenges the M&R's conclusion that the ALJ's decision is supported by substantial evidence, the Court again disagrees. The ALJ acknowledged—and the migraine log reflects—that McInnes' migraines increased to "several times per week" following a 2020 motor vehicle accident, and that her medications sometimes "did not help" when her migraines were at their worst. Doc. No. 5-2 at 24. The ALJ also noted that McInnes did not take her medication at migraine onset, despite her provider's instruction that the medication was most effective when taken as soon as migraine symptoms began. *Id.* This, too, is reflected in both the ALJ's decision and the migraine log. *Id.* at 46–47.

The ALJ further observed that although McInnes described her migraines as "debilitating" to the consultative examiner, she never reported symptoms of that severity to her treating providers and did not report that her migraines were worsening. *Id.* at 24. Indeed, as the ALJ discussed, McInnes reported in 2023 that her medications provided "significant relief," and in that same visit, described her migraines as "unchanged," and the pain as "moderate." Doc. No. 5-7 at 62.

Accordingly, the Court agrees with the M&R that the ALJ's failure to explicitly cite the migraine log does not undermine her decision, as the decision rests on much of the information contained in the log.[1] Because the M&R correctly concluded that the ALJ supported her findings with substantial evidence, the Court will adopt the M&R and affirm the Commissioner.

---

[1] In any event, an explicit citation to the migraine log would add little support to McInnes' allegations of disability, and, if anything, could reinforce the opposite conclusion. Although the

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  The Magistrate Judge's M&R (Doc. No. 9) is **ADOPTED;**

2.  Defendant's Motion to Affirm the Commissioner's Decision (Doc. No. 7) is **GRANTED**;

3.  Plaintiff's Social Security Appeal (Doc. No. 6) is **DENIED**;

4.  The Commissioner's Decision is **AFFIRMED**; and

5.  The Clerk is directed to close this matter in accordance with this Order

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 1, 2026

Kenneth D. Bell
United States District Judge

---

log generally corroborates the frequency of McInnes' migraines, the log also supports the ALJ's determination that McInnes' symptoms were not as severe as alleged. Doc. No. 5-2 at 24. To be sure, the log reflects, and the ALJ recognized, that McInnes' migraines worsened following the 2020 motor vehicle accident and occurred several times per week. *Compare* Doc. No. 5-2 at 24, *with* Doc. No. 5-6 at 81–89. Nevertheless, the log also shows that McInnes never rated the severity of her migraines beyond describing them intermittently as "bad"; that she did not take her prescribed migraine medication(s) at migraine onset as instructed, instead opting to delay or to take ibuprofen or acetaminophen; and that she only infrequently needed to take a second dose of her prescribed migraine medication. *See* Doc. No. 5-6 at 81–89. These entries reasonably support the ALJ's conclusion that McInnes' "statements concerning the intensity, persistence and limiting effects of [her migraine] symptoms" were not as severe as alleged. *See* Doc. No. 5-2 at 24.

6